James K. Lee (State Bar No. 162350)
James.Lee@arnoldporter.com
Oscar Ramallo (State Bar No. 241487)
Oscar.Ramallo@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4290
Facsimile: (213) 243-4199

*Attorneys for Plaintiff*
*JYP Entertainment Corporation*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

JYP ENTERTAINMENT CORPORATION, a Republic of Korea corporation,

Plaintiff,

v.

MILES GAINES, an individual, and ONESYNC MEDIA LLC, a California limited liability company,

Defendants.

Case No. 2:26-cv-12960

**COMPLAINT FOR:**

**1. DIRECT COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)**
**2. VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. § 1202)**

**DEMAND FOR JURY TRIAL**

Plaintiff JYP Entertainment Corporation ("JYPE"), by and through its attorneys, brings this Complaint against Defendants Miles Gaines ("Gaines") and OneSync Media LLC ("OneSync") (together, "Defendants"), and alleges as follows:

## INTRODUCTION

1. JYPE is a record label that owns the copyright in the sound recording of "back to life" performed by Han Ji-sung ("HAN"). HAN is a member of the extraordinarily successful K-pop band Stray Kids. Stray Kids has sold over 40 million albums, was the first act to debut at No. 1 on the Billboard 200 with its first nine charting albums, and has performed for large audiences throughout the world, including as headliners at Lollapalooza in Paris and Chicago.

2. JYPE posted a pre-release version of "back to life" on YouTube, and Defendants quickly copied the track wholesale (the "Infringing Recording"). After copying the track, Defendants removed the copyright management information ("CMI") attributing it to HAN and JYPE and replaced it with false information attributing performance, authorship, and copyright ownership to "yungzzz." Defendants then uploaded the "yungzzz" track to music distribution services to be posted on Spotify, Apple Music/iTunes, YouTube, YouTube Music, Instagram, and TikTok so that they could profit from the track performed by HAN and stolen from JYPE.

3. JYPE brings this action to recover damages for Defendants' willful infringement of JYPE's copyrighted sound recording and for removing, altering, and providing false CMI with the sound recording, in violation of 17 U.S.C. §§ 106, 501, and 1202.

## THE PARTIES

4. Plaintiff JYP Entertainment Corporation is a corporation organized under the laws of the Republic of Korea, with its principal place of business in Seoul, Republic of Korea. JYPE is a record label, talent agency, music production

company, and music publishing house, which manages a wide range of groups and artists, including Stray Kids.

5. Defendant Miles Gaines is an individual who, on information and belief, resides in Los Angeles County, California.

6. Defendant OneSync Media LLC is, on information and belief, a limited liability company organized under the laws of the State of California with its principal place of business in Santa Monica, California. Gaines is a member/manager of OneSync and publicly presents himself as its Founder and CEO.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq*.

8. This Court has personal jurisdiction over Defendants because, on information and belief, (1) Gaines resides in and is domiciled in Los Angeles County, California, (2) OneSync maintains its principal place of business in this District, and (3) Defendants have committed the acts complained of herein in Los Angeles County, California, and in this District.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because, on information and belief, Defendants reside in this District, conduct, transact, and solicit business in this District, and a substantial part of the events giving rise to JYPE's claims occurred in this District, including Defendants' copyright infringement.

## FACTUAL BACKGROUND

### A. JYPE's Ownership of the Sound Recording

10. JYPE is the sole owner of all right, title, and interest in the sound recording of "back to life" as performed by HAN (the "Sound Recording"). JYPE is

a joint author of the Sound Recording with HAN and is the owner of HAN's interest in the Sound Recording by written agreement and by operation of the laws of the Republic of Korea.

11. The Sound Recording was registered with the U.S. Copyright Office, Copyright Registration Number SR-1-083-143, on October 15, 2026 (the "Registration"). The effective date of the Registration is August 7, 2026.

**B. <u>JYPE's Publication of the Sound Recording</u>**

12. On May 9, 2026 (Korea Standard Time), JYPE made the Sound Recording available to the public for the first time as a "pre-release" music video posted to JYPE's official YouTube channel (the "Pre-Release"). As of the date of the Pre-Release, YouTube Premium subscribers could download the track locally by using YouTube's "Download" button. As shown below, the Pre-Release bore the title "HAN 'back to life' | [Stray Kids: SKZ-PLAYER]," identifying HAN of Stray Kids as the performer of the Sound Recording.




13. The Sound Recording's CMI, as listed in the Pre-Release title and the accompanying description, identified "back to life" as the title of the work, HAN as

the performer and author, and JYPE as the copyright holder, with the copyright notice "[c]opyrights 2026 © JYP Entertainment."

### C. Defendants' Infringement

14. On or around May 13, 2026, Defendants uploaded the Infringing Recording via a music distributor to various music streaming platforms. The platforms included, without limitation, Spotify, Apple Music/iTunes, YouTube, YouTube Music, and the audio libraries of Instagram and TikTok. The Infringing Recording reproduced the Sound Recording under the same title, "back to life." As pictured below, it contained the false "yungzzz" artist credit.

**Spotify publication of "back to life" credited to "yungzzz":**






**TikTok and Instagram publication of "back to life" credited to "yungzzz":**







15. On YouTube and YouTube Music, the Infringing Recording was titled "back to life" and distributed under the artist name "yungzzz," with metadata indicating "yungzzz" was the artist and bearing identifying numbers ISRC CH7812670924 and UPC 4062851298155 with a release date of May 13, 2026.

16. On Apple Music, the Infringing Recording was titled "back to life – Single" by "yungzzz," with a release date of May 15, 2026, offered for paid download for £0.79, and bearing the phonogram notice "℗ 2026 yungzzz."

**Apple Music publication of "back to life" credited to "yungzzz":**




17. After learning of the Infringing Recording, JYPE obtained metadata on YouTube identifying (1) Label OS d/b/a iGroove AG ("iGroove"), a Swiss digital music distribution company, as the responsible content owner and transferor; (2) Hitmaker Distro d/b/a Hitmaker Music Group ("Hitmaker") as the responsible record label; and (3) "yungzzz" as the responsible artist for the Infringing Recording.

18. On September 2, 2026, JYPE sent iGroove a formal written demand requesting that iGroove identify the owner(s) of the "yungzzz" account. In response, iGroove identified its distribution partner, Hitmaker, as the party that was responsible for delivering the Infringing Recording and that had the direct contractual relationship with the "yungzzz" account holder.

19. On September 15, 2026, Hitmaker's counsel identified the individual behind the "yungzzz" account as Gaines. Hitmaker stated that Gaines was "the 'artist' who uploaded the song" and that he supplied an email address,

onesyncdistribution@gmail.com, and an Instagram account, @milesgaines, as the contact information for the "yungzzz" account.

20. JYPE investigated Gaines and discovered that he is one of two members/managers of OneSync. JYPE also discovered social media profiles and news articles in which Gaines represents himself as the principal of OneSync. Furthermore, OneSync's website, onesync.music, describes Gaines as the company's Founder and CEO. On its website, the company states that it is a music distribution service that distributes music on more than 400 streaming and download platforms, including Spotify, Apple Music, Amazon Music, Tidal, YouTube Music, and TikTok.

21. Gaines and OneSync are thus responsible for the reproduction and distribution of the Infringing Recording. Hitmaker's counsel identified Gaines as the "artist" who uploaded the Infringing Recording and linked him to the "yungzzz" account, and the email address Hitmaker supplied for that account, onesyncdistribution@gmail.com, bears OneSync's name. Gaines is a member/manager and the Founder and CEO of OneSync, a business that distributes music to streaming platforms such as Spotify, Apple Music, and YouTube Music, the same platforms on which the Infringing Recording appeared. Gaines and OneSync thus had the means, expertise, and opportunity to copy the Sound Recording from the Pre-Release and deliver it to a distributor, and, on information and belief, Gaines did so personally on behalf of OneSync.

22. Defendants knew that the CMI they provided, and the CMI resulting from their removal and alteration of JYPE's CMI, were false. On information and belief, Defendants knew that they (or "yungzzz") did not author, create, perform on, or own the Sound Recording, and knew that they had unlawfully reproduced it from JYPE's Pre-Release.

23. Defendants removed and/or altered JYPE's CMI, and distributed the altered CMI and the Infringing Recording to Hitmaker, knowing, or having

reasonable grounds to know, that doing so would induce, enable, facilitate, and/or conceal their infringement of JYPE's copyright in the Sound Recording, including by inducing digital service providers (including Hitmaker), platforms, and members of the public to believe that "yungzzz" was the legitimate performer and rightsholder of the Sound Recording, thereby avoiding detection of the infringement and facilitating the Sound Recording's continued unauthorized exploitation.

24. Independent of any removal or alteration of JYPE's pre-existing CMI, Defendants also knowingly provided and distributed false CMI in connection with the Infringing Recording, including by: (a) identifying "yungzzz," rather than HAN of Stray Kids, as the author and performer of the Sound Recording on Spotify, Apple Music, YouTube, YouTube Music, TikTok, and Instagram; and (b) causing the phonogram notice "℗ 2026 yungzzz," falsely representing that "yungzzz" is the owner of the copyright in the Sound Recording, to be displayed in connection with the Infringing Recording, at a minimum on Apple Music, in violation of 17 U.S.C. § 1202(a).

25. Defendants provided and distributed the false CMI of the Infringing Recording to Hitmaker knowingly and with the intent to induce, enable, facilitate, and/or conceal their infringement of JYPE's copyright in the Sound Recording, including by inducing digital service providers (including Hitmaker), platforms, and members of the public to believe that "yungzzz" was the legitimate performer and rightsholder of the Sound Recording, thereby avoiding detection of the infringement and facilitating the Sound Recording's continued unauthorized exploitation.

## COUNT I

## DIRECT COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501)

26. JYPE realleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

27. JYPE owns a valid, registered copyright in the Sound Recording.

28. Without permission from JYPE, Defendants: (a) copied and/or reproduced the Sound Recording; and (b) distributed copies of the Sound Recording to Hitmaker for distribution across Spotify, Apple Music, YouTube, YouTube Music, TikTok, and Instagram, in violation of JYPE's exclusive rights under 17 U.S.C. § 106(1) and (3).

29. Defendants' infringement was willful, or, in the alternative, was undertaken with reckless disregard for JYPE's rights.

30. As a direct and proximate result of Defendants' infringement, JYPE has suffered damages, and Defendants have obtained profits attributable to the infringement, in an amount to be proven at trial, or, alternatively, JYPE is entitled to statutory damages of up to $150,000 for willful infringement pursuant to 17 U.S.C. § 504(c)(2). JYPE also seeks its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## COUNT II

## VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. § 1202) (FALSIFICATION, REMOVAL, AND ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION)

31. JYPE realleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

32. The Sound Recording, as published by JYPE on May 9, 2026, identified HAN of Stray Kids as the performing artist and JYPE as the copyright owner.

33. The title of the Sound Recording, the name and other identifying information about the authors and/or performers of the Sound Recording, and the name and other identifying information about the copyright owner of the Sound Recording constitute CMI under the Digital Millennium Copyright Act, 17 U.S.C. § 1202(c).

34. On information and belief, as detailed above, Defendants intentionally removed or altered CMI from the Sound Recording identifying the performer as

HAN and the copyright owner as JYPE and substituted "yungzzz" as the performer and copyright owner, without JYPE's authorization, in violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1202(b)(1), and distributed the Sound Recording or copies of the Sound Recording to Hitmaker for distribution on Spotify, Apple Music, YouTube, YouTube Music, TikTok, and Instagram knowing that CMI had been removed or altered, without JYPE's authorization, in violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1202(b)(3). Further, Defendants did so knowing or having reasonable grounds to know that it would induce, enable, facilitate, or conceal an infringement of the Sound Recording, including their own infringement.

35. As detailed above, Defendants knowingly, and with the intent to induce, enable, facilitate, and/or conceal infringement of JYPE's copyright, in violation of 17 U.S.C. § 1202(a), provided and distributed false CMI in connection with the Infringing Recording, including by (a) identifying "yungzzz," rather than HAN of Stray Kids, as the author and performer of the Sound Recording as distributed on Spotify, Apple Music, YouTube, YouTube Music, TikTok, and Instagram; and (b) causing the phonogram notice "℗ 2026 yungzzz," falsely representing "yungzzz" as the copyright owner of the Sound Recording, to be displayed in connection with the Infringing Recording as distributed on Apple Music.

36. On information and belief, Defendants knew that this CMI was false because they knew that they did not author, create, perform on, or own the Sound Recording and knew that their Infringing Recording was an unauthorized reproduction of JYPE's copyrighted Sound Recording.

37. Defendants' acts violate 17 U.S.C. § 1202(a) and (b).

38. Defendants' violations are willful, intentional, and purposeful, in disregard of and with indifference to JYPE's rights.

39. As a direct and proximate result of Defendants' violations of 17 U.S.C. § 1202, JYPE has suffered damages in an amount to be proven at trial. Pursuant to

17 U.S.C. § 1203, JYPE is entitled to recover its actual damages and Defendants' profits, or, at JYPE's election, statutory damages of up to $25,000 per violation pursuant to 17 U.S.C. § 1203(c)(3)(B), together with JYPE's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 1203(b)(4)–(5).

## PRAYER FOR RELIEF

WHEREFORE, JYPE respectfully requests that this Court enter judgment in its favor and against Defendants Miles Gaines and OneSync Media LLC, jointly and severally, and grant the following relief:

1. Judgment on each of the claims set forth above, including that Defendants have directly infringed JYPE's copyright in the Sound Recording in violation of the Copyright Act, that Defendants have unlawfully removed and/or altered the Sound Recording's CMI in violation of 17 U.S.C. § 1202(b), that Defendants have provided and distributed false CMI in connection with the Infringing Recording in violation of 17 U.S.C. § 1202(a), and that such infringement and unlawful activity were willful;
2. An injunction, pursuant to 17 U.S.C. § 502 and 17 U.S.C. § 1203(b)(1), enjoining Defendants, and their agents, employees, and all persons acting in concert with them, from further infringing JYPE's copyright in the Sound Recording, reproducing, or distributing the Sound Recording, and from falsifying, distributing, removing, or altering CMI in connection with the Sound Recording;
3. At JYPE's election, statutory damages pursuant to 17 U.S.C. § 504(c) for Defendants' willful infringement, or, in the alternative, JYPE's actual damages and Defendants' profits attributable to the infringement pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial;
4. At JYPE's election, statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B) for each violation of 17 U.S.C. § 1202, or, in the alternative, JYPE's actual damages and Defendants' profits attributable to the violations pursuant to 17

U.S.C. § 1203(c)(2), in an amount to be proven at trial;

5. JYPE's costs and reasonable attorneys' fees pursuant to 17 U.S.C. §§ 505 and 1203(b)(4)-(5);
6. Pre-judgment and post-judgment interest as permitted by law; and
7. Such other and further relief as the Court deems just and proper.

Dated: November 4, 2026

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Oscar Ramallo*
Oscar Ramallo
James K. Lee
*Attorneys for Plaintiff JYP Entertainment Corporation*

**DEMAND FOR JURY TRIAL**

JYPE demands a jury trial on all issues so triable.

Dated: November 4, 2026

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Oscar Ramallo*

James K. Lee
Oscar Ramallo
*Attorneys for Plaintiff JYP Entertainment Corporation*